IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRANCE D. CONNER, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 3:07-00872 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Brown |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

Pending before the Court is Plaintiff Terrance Conner's ("Plaintiff") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 21). Magistrate Judge Brown has issued a Report and Recommendation ("Report") (Doc. No 44), to which Plaintiff has sent a number of letters to the Court, which, for the purposes of this motion, are construed as objections ("Objections") (Docs. No. 46-65). Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

### I. BACKGROUND

*A. Procedural Background*

Plaintiff Terrance Conner protectively applied for supplemental security income ("SSI") on September 17, 2003 (Tr. 52-55), alleging disability as a result of "prune belly" sydrome, depression, severe migraines, and vision problems (Tr. 66). Upon review, the state agency designee of the

-1-

Social Security Administration ("SSA") denied his application initially and upon request for reconsideration. (Tr. 25-27, 31-32). Conner then requested and received a hearing held before an Administrative Law Judge ("ALJ") on March 1, 2006. Conner proceeded unrepresented, and his mother, his aunt, and a vocational expert appeared to testify. (Tr. 280-305). On August 16, 2006, the ALJ found Conner was not disabled within the meaning of the Social Security Act. (Tr. 14-19). The ALJ made the following findings:

1. The evidence fails to definitively establish that the claimant engaged in substantial gainful activity after filing his application on September 17, 2003.

2. The claimant has a severe combination of impairments that include prune belly syndrome and mild depression, but he does not have an impairment or combination of impairments of the level of severity required by 20 CFR Part 404, Subpart P, Appendix 1.

3. The claimant has not experienced any pain or other symptomatology of a disabling level of severity on an ongoing basis.

4. The claimant retains the residual functional capacity to perform sedentary, unskilled work that involves lifting of no more than 10 pounds, allows for a sit or stand option, and has limited postural activities like bending.

5. The claimant could perform his past work as a hand packer.

6. The claimant is currently 30 years old, a younger individual.

7. The claimant has a high school education or above.

8. The claimant has performed some semiskilled work during his vocationally relevant past.

9. The claimant, considering his residual functional capacity, age, education, and work experience, is not disabled pursuant to Section 416.969 of Regulations No. 16 and Rules 201.28-201.29 of Table No. 1, Appendix 2, Subpart P, Regulations No. 4.

10. Although the claimant cannot perform a full range of sedentary work, there are a significant number of jobs in existence in the economy which he could be expected to perform, such as general office clerk, receptionist/information clerk, and sedentary hand packer. The vocational expert indicated that there are over 165,000 of the

> named sample jobs in existence in the national economy; a significant number of jobs.

11. The claimant has not been under a "disability," as defined in the Social Security Act, at any time since filing his application on September 17, 2003. 20 C.F.R § 416.920.

(Tr. 18).

On August 28, 2006, Conner sought review of the ALJ's decision from the Appeals Council. (Tr. 279). On April 27, 2007, the Appeals Council denied his request, rendering that decision the final decision of the Commissioner. (Tr. 5-10). On March 11, 2008, Conner sent a letter to the Court which was construed as a motion for judgment on the administrative record. (Doc. No. 21). The government responded in opposition to the motion. (Doc. No. 24). Starting October 7, 2008, Conner sent letters to the Court explaining, *inter alia*, that he had been diagnosed HIV positive. (Doc. Nos. 26-36). The Magistrate Judge construed Conner's letters as a motion to remand for consideration of new evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g), and directed the government to respond to the motion. (Doc. No. 33). On January 28, 2009, Defendant responded (Doc. No. 41), and on April 2, 2009, Magistrate Judge Brown issued his Report, recommending Conner's motions be denied. (Doc. No. 44). On April 13, 2009, Conner resumed regularly sending letters to the Court. (Doc. Nos. 46-65). We construe his letters to serve as objections to the Magistrate's Report.

Conner appears to assert four (4) objections to the Magistrate Judge's findings. (Doc. No. 46). Specifically, Plaintiff contends that:

1. The Magistrate Judge failed to consider new evidence alleged since the ALJ's decision in 2006 (*Id.*, at 2);

2. The ALJ improperly determined that Plaintiff did not have an impairment or combination of impairments of the level of severity required by the regulations (*Id.* at 3-4, 6-7);

-3-

3. The ALJ reached an incorrect conclusion regarding his residual functional capacity (*Id.*, at 5); and

4. The ALJ accorded the vocational expert's testimony improper weight in his determination of Plaintiff's ability.

*B. Factual Background*

The Court adopts the review of the record in Magistrate Judge Brown's Report (Doc. No. 44, at 3-8).

## II. STANDARD OF REVIEW

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2008). However, this review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2008). Accordingly, if the Commissioner adopts the ALJ's decision, the reviewing court will uphold the decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "such evidence as a reasonable mind would accept as adequate to support the conclusion." *Richardson v. Pereles*, 402 U.S. 389, 401 (1979). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

A finding of substantial evidence holds significant weight on appeal. "Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also

-4-

supports the opposite conclusion." *Her v. Comm'r*, 203 F.3d 388, 389 (6th Cir. 1999); *Crum v. Sullivan*, 921 F.2d 642, 644 (1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to a different factual conclusion as to the Plaintiff's claim on the merits than that of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

*A. Plaintiff objects to the Magistrate Judge's denial of his motion to remand for consideration of new evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g).*

The Court construes a series of letters submitted by Conner (Doc. Nos. 25-32) as a motion to remand for consideration of new evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g). (Doc. No. 33). According to 42 U.S.C. § 405(g), the Court may remand the case and order additional evidence to be taken into account upon a showing that there is new evidence (1) which is "material" and (2) that there is "good cause" for the failure to incorporate such evidence into the record in the prior proceeding. The party seeking remand bears the burden of showing that remand is proper under 42 U.S.C. § 405(g). New evidence is "material" only if: (1) it pertains to the plaintiff's condition prior to the date of the ALJ's original decision, *Oliver v. Sec'y of Health & Human Serv's.*, 804 F.2d 964, 966 (6th Cir. 1984); and (2) there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with

-5-

the new evidence. *See Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980). For the following reasons, Conner has failed to show that the new evidence he presents is of the kind that warrants a remand under 42 U.S.C. § 405(g).

In his motion for consideration of new evidence, Conner states that he was diagnosed as HIV positive on June 4, 2008 (Doc. No. 29), nearly two years after the ALJ's decision on August 16, 2006. In his objections to the Report, Conner now alleges that he has been HIV positive since January 2002, but that he delayed taking an HIV test because he was afraid to confront the reality of his condition. (Doc. No. 46, at 1; Doc. No. 63, at 2). Conner presents no evidence in support of the conclusion that he was HIV positive at his alleged onset date. (*Id.*). Conner also asserts he is entitled to benefits because his previous conditions have worsened since the ALJ rendered his original decision. (Doc. No. 21). Among other assertions, Conner explains that his visual impairment has worsened due to glaucoma in his right eye, and that his depression has worsened. (*Id.*; Doc. 56, at 1). Since the Report has been issued, Conner also describes experiencing "constant headache, dizziness, tiredness, weakness, and the feeling of wanting to vomit." (Doc. No. 46, at 2). He also states that he has been diagnosed with a heart murmur. (*Id.* at 3). Regarding his ability to perform work functions, Conner alleges that he cannot lift ten pounds due to aches in his muscles (*Id.* at 2), and that he cannot stand for more than six hours each day (*Id.* at 4).

Conner's new evidence does not meet the standard for materiality. Even if his claims are true, they do not meet the first prong for materiality, that new evidence is only material if it pertains to the plaintiff's condition *prior to* the date of the ALJ's hearing decision. *Oliver*, 804 F.2d at 966; *Sizemore v. Sec'y of Health & Human Serv's.*, 865 F.2d 709, 712 (6th Cir. 1988). Evidence of subsequent deterioration of a condition will provide no basis for a remand. *Id.* While Conner

believes he has been HIV positive since January 2002, he has submitted no documentation in support of that belief. In order for evidence to be material as required by 42 U.S.C. § 405(g), a plaintiff must submit documentation indicating the severity of his condition. *Sizemore*, 865 F.2d at 712. Thus, mere subjective belief of an HIV positive status is not sufficient to establish disability.

Conner's allegations also fail to meet the second prong of materiality, as he has not demonstrated a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence. *Sizemore*, 865 F.2d at 711. As the Sixth Circuit has held, a mere diagnosis is not a basis for a finding of disability, as this does not shed light on the severity of an individual's condition. *Higgs v. Bowen*, 880 F.2d 860, 863; *see also Henry v. Gardner*, 381 F.2d 191, 194 (6th Cir. 1967) ("The fact that a person is suffering from a diagnosed disease or ailment is not sufficient in the absence of proof of its disabling severity to warrant the award of benefits."). Specifically regarding HIV, the SSA has held that a claimant's disability resulting from his HIV status must be serious enough to prevent him from doing substantial gainful work. SOC. SEC. ADMIN., SSA PUBL'N NO. 05-10019, SOCIAL SECURITY FOR PEOPLE LIVING WITH HIV/AIDS, 1 (2005). As Conner has not asserted that his HIV status impaired his ability to work before August 16, 2006, Conner fails to meet this requirement. Furthermore, even his assertions about reduced ability to work after August 16, 2006 lack substantiation by any medical expert.

This new evidence is immaterial to the ALJ's decision because the evidence does not pertain to Conner's condition prior to the administrative hearing and because it does not establish a reasonable probability that the commissioner would have reached a different conclusion based on this new evidence. For the foregoing reasons, Plaintiff's motion to remand for consideration of new evidence is hereby DENIED.

> B. *Plaintiff objects to the ALJ's determination that Plaintiff did not have an impairment or combination of impairments of the level of severity required by the regulations.*

In his Objection, Conner describes a number of present impairments that he alleges, when considered cumulatively, rise to the level of disability. Specifically, Conner lists among his ailments: prune belly syndrome; depression; anxiety; migraines; a cataract; tendinitis; rheumatoid arthritis; bi-polar disorder; and HIV. (Doc. No. 46, at 1). Conner lists other ailments in subsequent letters. (*See* Doc. Nos. 46-65). However, Conner's assertions about his impairments in these letters all relate to the period after the administrative hearing. Because he does not allege any symptoms related to his impairments in the period *before* the hearing, the only relevant period subject to review in this case, the basis for his objection is not legitimate and is DENIED.

Furthermore, substantial evidence supports the ALJ's conclusion that Conner's impairments did not rise to the level of severity required by 20 C.F.R. Part 404, Subpart P, Appendix 1 at the time of the hearing. In his Disability Report, Conner listed prune belly syndrome, depression, severe migraine headaches, and vision problems as a result of a cataract as the conditions that limited his ability to work. (Tr. 66). Indeed, the ALJ determined that Conner had a severe combination of impairments with significant work-related limitations such as the inability to perform heavy lifting. (Tr. 17). However, for the reasons stated below, substantial evidence supports the conclusion that these impairments do not rise to the required level of severity.

Examinations of Conner by physicians support the conclusion that Conner's impairments to not rise to the level of severity as required by 20 C.F.R. Part 404, Subpart P, Appendix 1. During an evaluation of Conner's musculoskeletal impairments resulting from prune belly syndrome, Dr. Johnson found that Conner had full range of motion of the spine, shoulders, elbows, wrists, hips, knees, and ankles, and that he could squat, rise, and balance on one foot. (Tr. 212). Furthermore,

-8-

Case 3:07-cv-00872   Document 66   Filed 02/01/10   Page 8 of 14 PageID #: 293

Dr. Johnson observed that Conner didn't suffer from swelling of the joints and that he had full grip strength. (*Id.*). Additionally, Conner did not appear to suffer from disabling pain as a result of his musculoskeletal condition. During many consultations, Conner told physicians that he was not suffering from pain. (Tr. 191, 193, 251, 260). Moreover, physicians have only prescribed him over-the-counter Tylenol to treat his pain, indicating that his level of pain was not severe.

Regarding Conner's depression, the Sixth Circuit has consistently held that if a condition is remediable through medication or treatment, it is not disabling for purposes of a social security determination. *See, e.g., Harris v. Heckler*, 756 F.2d 431, 436 n.2 (6th Cir. 1985). The record indicates that Conner's mental impairments have been largely treated through medication, providing substantial evidence to support that the ALJ's conclusion that these impairments are not disabling. (Tr. 191, 217-18, 271, 248).

Substantial evidence also supports the conclusion that Conner's migraines were not disabling, as, *inter alia*, Dr. Lavin opined that Conner's headaches were likely caused by an overuse of Tylenol (Tr. 187), and as a result prescribed him Phenergan as abortive therapy and recommended that Conner reduce the use of Tylenol. (Tr. 188). Furthermore, an MRI of Conner's head was normal and the result of a neurologic examination was also normal. (Tr. 171, 174). Conner also reveals that prescription medications, when used, have been successful in improving his headaches. (Doc. No. 21).

Finally, substantial evidence supports the ALJ's conclusion that Plaintiff does not suffer from disabling visual problems (Tr. 17), despite the finding of a cataract in his left eye. (Tr. 187). A May 26, 2004 examination indicates that Plaintiff did not suffer from a severe loss of vision. (Tr. 212). With corrective lenses, he had 20/30 vision in his right eye, 20/20 vision in his left eye, and 20/25

vision in both eyes. (Tr. 212). Later examinations led to similar conclusions. (Tr. 215). In fact, in his motion for judgment on the administrative record, Plaintiff explained that his cataract limited his sight only "a bit." (Doc. No. 21).

Most compellingly, during the administrative hearing, Conner himself testified that he could perform his past work as a brass packer, a job which entailed placing small parts in a box while in a seated position, and that he was probably able to perform the cashier part of his job at a grocery store. (Tr. 288-90). Furthermore, he testified that he could work an eight hour day provided that there was no heavy lifting or prolonged standing involved. (Tr. 290, 292). He also stated that he attended church and saw his family regularly, going out to eat with them at least once or twice a month. (Tr. 217-18). Conner's mother also testified that he was able to lift small objects such as a gallon of milk. (Tr. 298). His aunt testified that Conner could perform activities such as laundry and sweeping. (Tr. 302). The record also shows that in the fall of 2004, after his alleged disability onset date, Conner was doing landscaping work as well as working as a caretaker for his elderly aunt. (Tr. 257). In November 2004, Conner also completed a training program to become a certified nurse technician. (Tr. 256). It is hard to imagine that an individual capable of these types of work would also qualify as disabled under the regulations.

For these reasons, the Court finds that substantial evidence exists to support the ALJ's finding.

   *C.*  *Plaintiff objects to the ALJ's conclusion regarding his residual functional capacity.*

Regarding his ability to perform work functions, Conner alleges that he cannot lift ten pounds due to aches in his muscles (Doc. No. 46, at 2), and that he cannot stand for more than six hours each day. (*Id.* at 4). However, as stated above, these assertions do not speak to Conner's

condition during the relevant period, i.e., at the time of the ALJ hearing. Conner even appears to concede that the ALJ's conclusion regarding his residual functional capacity at the time of the hearing was reasonable. In his objections, he states: "A couple of years ago I could probably perform eight hour days standing and lifting but not now." (*Id.* at 5). Conner's previous statements regarding his ability to work at his former jobs as a brass packer and cashier, and his testimony regarding his ability to work an eight hour day so long as there was no heavy lifting or prolonged standing involved, *supra*, also support the ALJ's conclusion regarding his residual functioning capacity.

Professional medical opinions also support the ALJ's finding. On July 13, 1999, Dr. Victor Baren opined that even though Conner should not do strenuous, physical labor, he may be suitable for clerical, non-physically strenuous employment. (Tr. 287). On May 26, 2004, Dr. Roy Johnson stated that Conner had no restrictions on sitting and that he could stand six hours of an eight-hour shift, and concluded that Conner could frequently lift up to ten pounds. (Tr. 213). On June 11, 2004, Dr. Lanson Robbins observed that Conner was able to lift up to twenty pounds occasionally and ten pounds frequently, and could sit for about six hours in an eight hour work day as well as walk six hours in an eight hour work day. (Tr. 220).

Because Conner does not object to the ALJ's conclusion regarding his residual functioning capacity in the period *before* the ALJ hearing, the only relevant period subject to review in this case, and in light of the other evidence previously mentioned, the basis for his objection is hereby DENIED.

   D. *Plaintiff objects to the weight the ALJ accorded the vocational expert's testimony.*

Conner objects to the weight the ALJ accorded the vocational expert regarding what jobs

-11-

were available to him in the workforce. First, Conner questions the credibility of vocational experts generally, stating, "Only I can know my HIV affects me. Regardless of all the vocationial [sic] experts unless there're [sic] living with HIV then they have no idea what I go through or how I feel everyday." (Doc. No. 46, at 6). Second, he states that as an individual who is HIV positive, it is more difficult for him to find work because of discrimination present in the hiring process. (*Id.* at 5-6). Finally, Conner states that the position of brass packer that, during the administrative hearing, he stated he would be able to perform, "is no longer there." (*Id.* at 5).

Addressing Conner's first concern, the use of vocational experts to determine available jobs in the workforce, or any expert to testify about a plaintiff's assertions, is an integral part of proving disability under the regulations. While it is true that no one aside from Conner can truly know how difficult it is to make a living with his combination of ailments, vocational experts serve to testify about the kinds of jobs available in the economy, and how workplace demands can affect a plaintiff's ability to perform those jobs. It is not the role of the vocational expert to guess about the severity of a plaintiff's ailment; rather, it is the role of the vocational expert, based on the level of impairment found by the ALJ, to inform the judge what, if any, positions are available for an individual with a plaintiff's limited capabilities. A vocational expert need not have first hand knowledge that someone with the plaintiff's impairments is actually performing the identified jobs. *Sias v. Sec'y of Health & Human Serv's.*, 861 F.2d 475, 481 (6th Cir. 1988). Mr. Gordon Doss, the vocational expert who testified at Conner's administrative hearing, performed an assessment of the available jobs. During the hearing, Doss suggested that Conner could work as an unskilled entry level general office clerk, a generally seated position that requires lifting no more than ten pounds, and performs for the must part seated. (Tr. 304). He stated that there were 1,635 jobs available of

that type in Tennessee, and 60,119 nationwide. (*Id.*). Doss also suggested that Conner would be able to work as a receptionist or an information clerk, for which there are 1,698 jobs in Tennessee, and 93,477 nationwide. (*Id.*). Doss also stated that he could resume his work as a hand packer, for which there are 343 jobs available in Tennessee, and 12,634 nationwide. (*Id.*).

Second, the presence of discriminatory hiring practices that disfavor Conner's HIV status is not relevant for the purposes of determining disability in a Social Security hearing. The inquiry in a Social Security ruling is whether a plaintiff has the ability to perform a significant number of jobs in the economy, not whether Plaintiff will actually be hired by employers. *See Odle v. Sec'y of Health & Human Serv's.*, 788 F.2d 1158, 1161 (6th Cir. 1985). If Conner believes a prospective employer is engaged in hiring practices that discriminate against his HIV status, he should bring a lawsuit against that employer for discriminatory hiring under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*; *see also Holiday v. City of Chattanooga*, 206 F.3d 637 (6th Cir. 2000) (Americans with Disabilities Act), *Taylor v. Rice*, 371 U.S. App. D.C. 383 (D.C. Cir. 2006) (Rehabilitation Act).

Finally, that the specific position Conner once occupied as brass packer is not available is irrelevant provided that there are a significant number of other jobs within Plaintiff's residual functional capacity and consistent with the claimant's age, education, and work experience. *See, e.g., Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As indicated from the vocational expert's testimony, *supra*, there were a sufficient number available in Tennessee that Conner could perform. Plaintiff's objection is therefore DENIED.

**IV.    CONCLUSION**

It is possible that the ailments Conner points to as having arisen or increased in severity since the date of his administrative hearing now approach the level of disability required under the regulations. However, appealing this decision is not the appropriate method of obtaining disability payments for the new ailments—the appropriate remedy is to file a new claim with the Social Security Administration alleging disability from a later onset date. The Court strongly advises Conner to file a new claim to obtain the relief he seeks.

The Court finds that Magistrate Judge Bryant's Report is well-founded and supported by the record, and therefore **ADOPTS** it in its entirety. Accordingly, Plaintiff's Motion is **DENIED**.

It is so ORDERED.

Entered this the  1st  day of   February,   2010.

*[signature]*
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

-14-

Case 3:07-cv-00872   Document 66   Filed 02/01/10   Page 14 of 14 PageID #: 299

It is possible that the ailments Conner points to as having arisen or increased in severity since the date of his administrative hearing now approach the level of disability required under the regulations. However, appealing this decision is not the appropriate method of obtaining disability payments for the new ailments—the appropriate remedy is to file a new claim with the Social Security Administration alleging disability from a later onset date. The Court strongly advises Conner to file a new claim to obtain the relief he seeks.

The Court finds that Magistrate Judge Bryant's Report is well-founded and supported by the record, and therefore **ADOPTS** it in its entirety. Accordingly, Plaintiff's Motion is **DENIED**.

It is so ORDERED.

Entered this the  1st  day of   February,   2010.

*[signature]*
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT